IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 99-19-002-SLR |
| MARVIN LEE MILLER, | : |
| Defendant. | : |

**RESPONSE OF UNITED STATES
TO PETITION FOR WRIT OE ERROR CORAM NOBIS**

**COMES NOW** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Keith M. Rosen, Assistant United States Attorney, and respectfully submits the following response to the defendant's Petition for Writ of Error Coram Nobis [hereinafter "the petition"]. For the reasons set forth below, the petition should be denied without a hearing.

**I.    Procedural History**

The defendant was originally charged in February 1999 by indictment with various offenses. (D.I. 2)[1] On March 25, 1999, the defendant entered a plea of guilty to a one-count Information charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On January 11, 2000, the defendant was sentenced. The applicable Sentencing Guidelines called for a total offense level of 22, and a criminal history category of II, resulting in a guideline range of 46-57 months imprisonment. See Judgment at 7.[2]

---

[1] A copy of the docket sheet is attached hereto as Attachment A.

[2] A copy of the judgment is attached hereto as Attachment B.

Prior to sentencing, the government moved for a downward departure under U.S.S.G. § 5K1.1. (D.I. 49). The Court granted this motion, and departed down to a sentence of only eight (8) months imprisonment and three years supervised release. See Judgment at 2. The judgment was entered by this Court on January 19, 2000. (D.I. 58). There was no appeal, and the defendant has served his entire sentence. On April 13, 2007, the defendant filed the instant petition.

## II.     Argument

The defendant has filed a petition for a writ of error coram nobis, 28 U.S.C. § 1651(a). He claims in this petition that his federal sentence is invalid because it was based on a prior California state conviction that has "been set aside and vacated." Petition at 3. Since his allegedly erroneous sentence has already been served, the defendant claims that this Court should vacate its prior judgement. This claim fails for numerous reasons.

### A.     Coram Nobis Generally

Coram nobis existed as a writ at common law and was originally incorporated into federal law by the All Writs Act, 28 U.S.C. § 1651. Subsequently, the authorization of direct appeal by criminal defendants, the expansion of the scope of the writ of habeas corpus, and the enactment of 28 U.S.C. § 2255, removed the need and justification to resort to this extraordinary writ. In Carlisle v. United States, 517 U.S. 416 (1996), the Supreme Court indicated that coram nobis is all but extinct, explaining that it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Id. at 429 (internal quotation omitted; alteration in Carlisle); Obado v. State of New Jersey, 328 F.3d 716, 717-718

(3d Cir. 2003) ("The status of that writ is a murky one."); cf. Fed.R.Civ.P. 60(b) (abolishing coram nobis in civil cases).

Prior to Carlisle, in United States v. Morgan, 346 U.S. 502, 511-12 (1954), the Supreme Court found that this writ is available only "under circumstances compelling such action to achieve justice." To meet that requirement, this Court has required a petitioner to provide (1) an explanation of why petitioner failed to seek earlier relief from the judgment; (2) a showing that petitioner continues to suffer collateral consequences from his conviction even though he is out of custody; and (3) proof that an error of "the most fundamental character" occurred. United States v. Osser, 864 F.2d 1056 1059 (3d Cir. 1988) (citing Morgan for standard justifying grant of coram nobis and declining to grant writ of coram nobis); see United States v. Barrett, 178 F.3d 34, 56-57 & n.20 (1st Cir. 1999) (citing cases). As the Fifth Circuit stated in Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996):

> The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief. This writ will issue only to correct errors resulting in a complete miscarriage of justice.

Id. (citing United States v. Castro, 26 F.3d 557 (5th Cir. 1994)).

Even if the writ of error coram nobis could still be resorted to, it has been and should be interpreted narrowly to avoid impinging on the finality of judgments or negating the requirements for more modern forms of relief. See Obado, 328 F.3d at 718 (coram nobis "may not be used to avoid AEDPA's safekeeping requirements"); United States. v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) ("It is an extraordinary remedy and a court's jurisdiction to grant relief is of limited scope").

3

The Third Circuit has further found that in coram nobis proceedings, as in habeas proceedings, there is a presumption that earlier proceedings are correct, and the burden is on the petitioner seeking a writ of coram nobis to show that his conviction was invalid. United States v. Stoneman, 870 F.2d 102, 106, 108 (3d Cir. 1989); Osser, 864 F.2d at 1060. Furthermore, because a petitioner filing a coram nobis petition has waited to challenge his conviction until he has served his entire sentence, the standard is even more stringent than the standard for § 2255 relief where the defendant is still suffering from incarceration and other forms of custody. Stoneman, 870 F.2d at 106; Jimenez, 91 F.3d at 768 n.6 ("This standard is more demanding than the cause and prejudice standard for relief under 28 U.S.C. § 2255.").

**B.**     **No Miscarriage of Justice Occurred in This Case**

The defendant cannot show any error at his sentencing, let alone an error of the most fundamental character resulting in a complete miscarriage of justice. Accordingly, even if one assumes *arguendo* that the petition states a cognizable coram nobis claim (i.e. an alleged error in sentencing), such relief would not be warranted here.[3]

The defendant is correct that his criminal history category was calculated by this Court based on his prior conviction in California for spousal abuse.[4] He has also attached a document

---

[3]The government acknowledges that the defendant's petition satisfies the first Osser prong, since the California predicate conviction was set aside in 2007. The defendant does not address the second prong in his petition. Since the petition both (a) fails on the third Osser prong, and (b) does not state a claim cognizable by a coram nobis writ, the Court need not reach that issue.

[4]According to the Pre-Sentence Report filed at the time of the defendant's original sentencing, he was convicted in April 1995 of spousal abuse in a California municipal court, and sentenced to 120 days in custody, suspended for 36 months probation. In November 1996, the defendant violated his probation on that charge. The defendant received one (1) criminal history point for this conviction, and an additional two (2) points for being on probation at the time of

to his petition that purports to establish that in 2007, this prior conviction was set aside under California law.[5] See Cal. Penal Code §1203.4. The defendant did not receive a sentence dictated by this prior conviction, however. Following a substantial assistance departure motion by the government, the Court departed far below the applicable sentencing guidelines -- from a guideline of 46-57 months imprisonment down to only eight (8) months imprisonment.[6] It can hardly be said, therefore, that any miscarriage of justice occurred in this matter, since the defendant's sentence was in no way enhanced by his prior conviction.

Moreover, the case law in the Ninth Circuit has conclusively established that a sentence set aside under the California statute at issue is not "expunged" within the meaning of the sentencing guidelines. As a result, a defendant has no right to a resentencing if a prior California conviction used to enhance a subsequent federal sentence is later set aside under state law.

The statute at issue is Cal. Penal Code § 1203.4. In short, that provision allows a defendant to move to have a conviction set aside once he has successfully completed a term of probation. Importantly, however, the statute also provides that if the defendant is later prosecuted "for any other offense," the prior charge can be revisited upon him.

---

his federal offense conduct.

[5] To date, the government has not been able to confirm the validity of the order attached to the defendant's petition. The government will accept the document as true and authentic for purposes of this response.

[6] If the Court resentenced the defendant without considering the prior conviction, his guideline range (offense level 22, criminal history category I) would be 41-51 months imprisonment – a range far exceeding the eight (8) month sentence that this Court originally imposed.

The Ninth Circuit interpreted the meaning of this statute with respect to the federal Sentencing Guidelines in United States v. Hayden, 255 F.3d 768 (9th Cir. 2001). In Hayden, the defendant pled guilty to a federal narcotics charge; at sentencing, his criminal history score was enhanced by virtue of a prior California state conviction. 255 F.3d at 769. A number of years later, the defendant successfully petitioned the state court to set aside his prior conviction under § 1203.4, and then moved the district court for resentencing on his federal charge – raising essentially the same claim raised by defendant Miller here.

The Hayden court recognized that, under section 4A1.2 of the Guidelines, sentences which are "set aside" under state law are still counted when calculating a defendant's criminal history score. Id. at 770.[7] Only those convictions that are "expunged" are not counted. Id. at 771; U.S.S.G. §4A1.2. Interpreting section 1203.4, the court found that the California statute does not "expunge" the prior conviction, in that it does not render the prior conviction a legal nullity. Id. As a result, the court concluded that a conviction set aside under a section 1203.4 order still should be counted as a prior conviction under Chapter Four of the Guidelines. Id. at 772.

Applied to the present case, it is clear that no manifest injustice would have occurred even if the defendant's prior conviction had been set aside under section 1203.4 prior to his original sentencing. To the contrary, under Hayden, if the defendant was resentenced today, it

---

[7]Application note 10 to section 4A1.2 recognizes that numerous states have procedures by which previous convictions may be set aside "for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associate with a criminal conviction." U.S.S.G. §4A1.2, app. note 10. The California penal code provision at issue falls in this category. The application note provides that "[s]entences resulting from such convictions are to be counted." Id.

would be appropriate for the Court to consider his state conviction in calculating the defendant's criminal history. As a result, the 1203.4 order does not warrant a resentencing and cannot warrant coram nobis relief.[8]

### C.   Coram Nobis Relief Does Not Apply to These Circumstances

The jurisprudence on Coram Nobis petitions makes clear that that writ is only available under circumstances compelling such action to achieve justice. See Morgan, supra. As noted above, the Supreme Court has indicated that the writ is "all but extinct," and thus limited to the most extraordinary of circumstances. The Courts of Appeals have interpreted this to mean that, in its modern usage, the writ of coram nobis is only available to those "very small number of legal questions which concern the regularity of the proceeding itself." United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001). In Carlisle, for example, the Supreme Court noted that the writ was available in circumstances such as the defendant having been a minor or having died before the verdict. Carlisle, 517 U.S. at 429. As the Third Circuit has explained:

> The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid. An error which could be remedied by a new trial, such as an error in jury instructions, does not normally come within the writ.

---

[8] The defendant relies in large measure on Custis v. United States, 511 U.S. 485 (1994), for the general proposition that a federal defendant may apply to reopen his federal sentencing enhanced by a prior state conviction that he has successfully attacked in state court. The government does not dispute that, under appropriate circumstances, a defendant may use a 28 U.S.C. § 2255 petition to challenge a federal sentence when a state conviction that was used to enhance the federal sentence has been vacated. See, e.g., Custis, 511 U.S. at 487; United States v. Escobales, 218 F.3d 259, 261 (3d Cir. 2000). As noted above, however, the defendant's sentence in this case was not improperly enhanced by a later-vacated state sentence, and therefore he is not entitled to relief. See also United States v. Ramsey, 2006 WL 328371 (E.D.Pa. Feb. 10, 2006) (unreported decision) (denying relief under Custis when elimination of later-vacated state conviction would have had no effect on federal sentence) (Attached hereto as Attachment C). Because a sentence set aside under §1203.4 still counts for purposes of the Sentencing Guidelines, Custis is inapposite.

7

United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989).

It is apparent that such a rare, question – one directed to the very jurisdiction of the court – is not presented here. Indeed, the error claimed by the defendant does not even go to the judgment of the Court at all; it is merely a claim about the applicability of the criminal history guidelines. It is well-established that coram nobis relief only applies to those rare situations when the defendant is no longer in custody for the offense, yet collateral relief remains imperative to deal with lingering civil disabilities caused by the judgment. Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002); United States v. Babalola, 2007 WL 2745769 at *2 (3d Cir. Sept. 21, 2007) (unpublished decision) (Attached hereto as Attachment D). Because the claimed error only relates to the defendant's sentence, and not his conviction, any correction of the alleged error would have no bearing on the validity of the judgment or the jurisdiction of the Court. For this reason, coram nobis relief cannot be available based on an alleged sentencing error since, by definition, the sentence must be completed before a coram nobis writ can be ripe.[9] Thus, aside from the merits of the defendant's claim (which, as noted above, must fail), the very claim itself would be insufficient to warrant coram nobis relief even if meritorious.

### III.   Conclusion

The defendant has failed to meet his burden of establishing a fundamental error that would justify granting the writ. He claims that his sentence was improperly enhanced by a prior

---

[9]The government notes that the defendant is still incarcerated. The government has confirmed with U.S. Probation that his present incarceration is for a different conviction, however, and thus the government will assume *arguendo* that coram nobis relief could be available despite the fact that the defendant is in prison.

conviction – yet he actually received a sentence far below the sentencing guidelines that would have applied even had the prior conviction not been counted. The petition should be denied.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                    BY: _____
                                      Keith M. Rosen
                                      Assistant United States Attorney

Dated: February 1, 2008

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Criminal Action No. 99-19-SLR |
| ) | |
| MARVIN LEE MILLER,        ) | |
| ) | |
| Defendant.  ) | |

I, Sharon Bernardo, an employee of the United States Attorney's Office, hereby certify that on February 1, 2008, I electronically filed with the Clerk of the Court using the CM/ECF the foregoing:

**RESPONSE OF UNITED STATES
TO PETITION FOR WRIT OF ERROR CORAM NOBIS**

and by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to defendant pro se as follows:

    Marvin Lee Miller
    BOP #14079-112
    FCI - LOMPOC
    3600 Guard Road
    Lompoc, CA   93436

*/s/ Sharon L. Bernardo*