IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 99-19-002-SLR |
| ) | |
| MARVIN LEE MILLER, ) | |
| ) | |
| Defendant. ) | |

Colm F. Connolly, United States Attorney and Keith M. Rosen, First Assistant United States Attorney. United States Attorney's Office, District of Delaware, Wilmington, Delaware. Counsel for Plaintiff.

Marvin Lee Miller, pro se.

**MEMORANDUM OPINION**

Dated: June 9, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Pro se defendant Marvin Lee Miller ("defendant") filed a Petition for Writ of Error Coram Nobis ("Petition") requesting that his conviction and sentence be vacated. (D.I. 77) Plaintiff United States of America has filed its opposition to which defendant has replied. (D.I. 86 and 87) For the reasons that follow, defendant's petition will be denied.

## II. BACKGROUND

In April of 1995, defendant pleaded guilty to spousal abuse in Central Orange County Municipal Court in California and was sentenced to 120 days suspended sentence and 36 months probation with conditions. (D.I 87 at 3) Defendant's California state probation sentence expired on April 6, 1998. (Id. at 4)

On January 13, 2000, in the United States District Court for the District of Delaware, defendant pleaded guilty to one count of conspiracy to commit money laundering for conduct between 1995 and 1997, in violation of 18 U.S.C. § 1956(h). (D.I. 58 at 1) Pursuant to United States Sentencing Guidelines, the court calculated a total offense level of 22 and a criminal history category of II, resulting in a guideline range of 46-57 months imprisonment. (Id. at 7) Defendant's criminal history category was calculated pursuant to U.S.S.G. §§ 4A1.1-1.2 and included one point for the 1995 domestic violence conviction and two points for committing the federal offense while on probation. (D.I. 87 at 4) Plaintiff filed a motion for a downward departure from the guideline sentence. (D.I. 58 at 7) The court granted plaintiff's motion and sentenced

defendant to eight months imprisonment followed by three years supervised release. (Id. at 2-4) There was no appeal and defendant served his entire federal sentence. (D.I. 86 at 2) Defendant's term of supervised release concluded on October 11, 2003. (D.I. 77 at 2)

On February 7, 2007, the California Superior Court in Orange County, pursuant to Cal. Penal Code § 1203.4, set aside defendant's 1995 domestic violence conviction which was used in the calculation of the January 2000 federal sentence. (D.I. 77 at 6) On this basis, defendant filed his Petition on April 13, 2007, arguing that his federal sentence enhanced by the vacated California conviction is invalid and his conviction should be vacated. (D.I. 77)

### III. STANDARD OF REVIEW

The common law writ of coram nobis is available "only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation and citation omitted). Relief under the writ is "limited to correct errors 'of the most fundamental character'" and disturbing any judgment after "'exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988) (quoting United States v. Morgan, 346 U.S. 502, 511-12 (1954)). Any challenged proceeding is presumed correct and the burden lies with defendant to prove otherwise. Id.

### IV. DISCUSSION

The writ of coram nobis originated at common law for both civil and criminal cases and was incorporated into federal law by the All Writs Act, 28 U.S.C. § 1651. The writ has since been abolished in civil practice. Federal Rule of Civil Procedure 60(e). In modern federal criminal practice, the writ has been narrowed significantly to only be applicable "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer in custody for the purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989) (internal quotation omitted). A successful petition must show: (1) valid reasons for failing to seek relief sooner; (2) defendant continues to suffer adverse consequences from his conviction even though no longer in custody; and (3) that the error is of a fundamental character. Osser, 864 F.3d at 1059.

Plaintiff concedes that defendant satisfies the first Osser prong. (D.I. 86 at 4 n.3) Defendant alleges in his reply to plaintiff's opposition brief that, since he is currently serving a prison sentence for an unrelated second federal conspiracy conviction, he is at risk of a life sentence if he is convicted a third time. (D.I. 87 at 5) The Osser court explicitly noted in dicta that the subsequent imposition of an enhanced sentence may qualify as an adverse consequence, indicating that if a defendant is in fact at risk of a life sentence upon a third conviction, the second prong may be satisfied. 864 F.2d at 1059 (citing United States v. Cariola, 323 F.2d 180, 182 (3d Cir. 1963)).

The question of whether defendant meets the second Osser prong need not be decided in the instant case, however, as defendant fails to show that the error is of a fundamental character, thus not satisfying the third prong. The United States Court of Appeals for the Ninth Circuit has held that California state convictions vacated under

Cal. Penal Code § 1203.4 are not "expunged" within the meaning of U.S.S.G. § 4A1.2 and are properly included in the calculation of defendant's criminal history. See United States v. Hayden, 255 F.3d 768, 773 (9th Cir. 2001). As plaintiff correctly points out, even if defendant's 1995 California conviction had been vacated prior to his 2000 guilty plea, it would have been no miscarriage of justice to have included the conviction in the calculation of defendant's criminal history category. (D.I. 86 at 6) Given the substantial downward departure from the guidelines of the sentence imposed by the court, defendant fails to show an error of a fundamental character.

## V. CONCLUSION

For the aforementioned reasons, defendant's Petition for Writ of Error Coram Nobis is denied.